# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

TIMOTHY AYCOCK, :
:
      Plaintiff, :
:
v. : Case No.: 1:13-CV-3 (WLS)
:
UNITED STATES PIPE AND :
FOUNDRY COMPANY LLC, :
:
      Defendant. :
_____ :

## **ORDER**

Before the Court is Defendant United States Pipe and Foundry Company's Motion to Stay. (Doc. 24.) Defendant urges the Court to stay discovery in this matter because a potentially dispositive motion to dismiss is pending. (*Id.* at 2.) Defendant maintains that staying the case could conserve time and resources. (*Id.*)

A district court has broad discretion in regulating discovery. ***See Moore v. Potter***, 141 F. App'x 803, 808 (11th Cir. 2005) (holding that "the district court did not abuse its broad discretion" when entering stay to resolve motion to dismiss). Furthermore, the Eleventh Circuit has held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). "Therefore, neither the parties nor the court have any need for discovery before the court rules on [a motion to dismiss for failure to state a claim]." *Id.*

The Court agrees a stay of discovery could conserve the Court's and Parties' time and resources. Defendant's Motion to Dismiss (Doc. 14.) is a facial attack to the First Amended Complaint. (See *id.*) Because the motion involves purely legal questions, discovery is unnecessary to its resolution. Accordingly, for good cause shown, Defendant's Motion to Stay (Doc. 24) is **GRANTED**. The above-captioned matter is **STAYED** pending resolution of the Motion to Dismiss. The Court will direct the Parties, if necessary, on how to further proceed in an order on the Motion to Dismiss.

**SO ORDERED**, this  4th  day of April 2013.

       /s/ W. Louis Sands
       **THE HONORABLE W. LOUIS SANDS,**
       **UNITED STATES DISTRICT COURT**