**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

TIMOTHY AYCOCK, Individually    :
and as Administrator of the Estate of   :
HEATHER LYNN AYCOCK, deceased,  :
                                 :

        Plaintiff,            :

                                 :
v.                                :       Case No.: 1:13-CV-3 (WLS)
                               :
UNITED STATES PIPE AND         :
FOUNDRY COMPANY LLC,         :
                               :

        Defendant.         :
_____:

## ORDER

Before the Court is Defendant United States Pipe and Foundry Company's Motion to Dismiss. (Doc. 14.) For the reasons that follow, Defendant's motion is **GRANTED in part** and **DENIED in part**.

## RELEVANT FACTUAL and PROCEDURAL BACKGROUND

This is a diversity case arising out of car accident in Lee County, Georgia, resulting in the death of Plaintiff Timothy Aycock's pregnant daughter and her unborn son. The Complaint, filed August 21, 2012 in the Northern District of Georgia, alleges that Defendant United States Pipe and Foundry Company was negligent for hiring and supervising Atlas Transport, a motor carrier whose driver allegedly caused the fatal collision. On January 10, 2013, the United States District Court for the Northern District of Georgia granted Defendant's motion to transfer venue to this Court.

Before the transfer, Defendant moved to dismiss all claims. Plaintiff amended his complaint and dropped numerous counts. The Complaint, as it stands today, essentially asserts causes of action for the negligent hiring and retention of Atlas Transport, vicarious liability for joint venture or conspiracy, and wrongful death and survival claims for Heather Aycock and her unborn son, "Baby Lewis." After the amendment,

Defendant renewed its motion to dismiss. Defendant claims that (1) Plaintiff's negligent hiring and retention claims fail as a matter of law because Georgia does not recognize a negligent hiring claim for independent motor carriers; (2) Plaintiff failed to allege facts sufficient to establish a joint venture; and (3) Plaintiff lacks standing to sue on behalf of Baby Lewis. The briefing has concluded on Defendant's motion, and the Court now turns to its merits.

## DISCUSSION

### I.    Standards

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted.  A Motion to Dismiss a Plaintiff's complaint under Rule 12(b)(6) should not be granted unless the Plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely just conceivable, on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.' " *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)).  "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

While the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the Plaintiff," *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of a Plaintiff's pleadings the Court must "make reasonable inferences in [p]laintiff's favor, 'but [is] not required to draw Plaintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005*)), abrogated on other grounds by Mohamad*

*v. Palestinian Auth.*, 132 S. Ct. 1702 (2012).  The Supreme Court instructs that while on a Motion to Dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint).

## II.   <u>Negligent Hiring or Retention</u>

Defendant moves to dismiss Counts One and Seventeen on the ground that Georgia law does not recognize liability against a broker or shipper for the negligent selection of an independent motor carrier. In response, Plaintiff argues that (1) Defendant misreads Georgia law; (2) that Alabama, not Georgia, law applies; and (3) that the Federal Motor Carrier Safety Regulations ("FMCSRs") preempt state law. The Court concludes Plaintiff's complaint states a claim for negligent hiring or retention under Georgia law.

The Georgia Code provides a cause of action against an employer for the negligent hiring or retention of an employee. O.C.G.A. § 34-7-20. When an employer hires a servant or agent, he or she must exercise ordinary care in selecting that servant or agent. *Id.*; *See Cherry v. Kelly Servs., Inc*, 319 S.E.2d 463, 464 (Ga. Ct. App. 1984). But "[a]n employer generally is not responsible for torts committed by his employee when the employee exercises an independent business and in it is not subject to the immediate direction and control of the employer." O.C.G.A. § 51-2-4. The rationale for this rule is that "because the employer has no right of control over the manner in which the work is to be done, it is to be regarded as the contractor's own enterprise, and he, rather than the employer, is the proper party to be charged with the responsibility for preventing the risk."*Wilann Props. I, LLC v. Ga. Power Co.*, 740 S.E.2d 386, 392 (Ga. Ct. App. 2013). Although there are notable exceptions to the general rule of non-liability for the torts of independent contractors, claims for negligent hiring and retention are

not among them. *Finley v. Lehman*, 463 S.E.2d 709, 711 (Ga. Ct. App. 1995) ("In addition, the theory of negligent hiring does not apply because the uncontroverted evidence shows that decedent's employer was an independent contractor and not an employee of Lehman."); *Mason v. Gracey*, 375 S.E.2d 283, 287 (Ga. Ct. App. 1988) ("Liability for negligent hiring is not one of the exceptions to the general rule of nonliability for the torts of an independent contractor.").

The distinction between an independent-contractor relationship and that of an agent or servant is generally the linchpin to an employer's liability in the motor-carrier context. *See, e.g.*, *Clark v. Irvin et al*, 1:09-cv-101 (M.D. Ga. Sept. 9, 2011) (Sands, J.) (holding that broker could not be liable for the negligent acts of an independent motor carrier); *De Bord v. Proctor & Gamble Distrib. Co.*, 58 F. Supp. 157, 159 (N.D. Ga. 1943) (holding that shipper could not be liable for motor carrier's negligence when the latter was an independent contractor). And whether a motor carrier is an independent contractor or a master or servant depends on the facts—in particular, the content of their contract and whether the employer exercises control of the time, place, and manner of performance. *Clarendon Nat'l Ins. Co. v. Johnson*, 666 S.E.2d 567, 572 (Ga. Ct. App. 2008) (quoting *Slater v. Canal Wood Corp.*, 345 S.E.2d 71, 72 (Ga. Ct. App. 1986)).

The problem with Defendant's argument is not the coin it extracts but rather the currency it gives it. Defendant correctly states the general rule that employers are not liable for the negligent acts of an independent contractor. Having identified that general rule, Defendant urges the Court to treat Atlas Transport as an independent contractor because Plaintiff has not alleged a servant or agency relationship. It argues that "Plaintiff's only factual allegations relating to the relationship between these entities are consistent with an independent contractor relationship." Defendant requires too much specificity. A reasonable inference from Plaintiff's complaint is that the requisite relationship existed. The Complaint alleges that Defendant "hired" Atlas Transport,

"selected" Atlas Transport, personally loaded the trailer, and arranged for the transportation of goods. These allegations are sufficient "to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556).

Furthermore, *McLaine v. McLeod*, 661 S.E.2d 695 (Ga. Ct. App. 2008), a case Defendant treats as having talismanic significance, simply does not stand for the proposition that Georgia law insulates all shippers and brokers from liability for the negligent acts of a motor carrier. Instead, the *McLaine* court applied the general rule that Georgia does not recognize a cause of action for the negligent hiring of an independent contractor. *See* 661 S.E.2d at 701. Before applying that rule, however, the *McLaine* court first determined whether the motor carrier was an in fact an independent by analyzing the parties' contract and actions. *Id.* at 699–700. Unlike the court in *McLaine*, which was reviewing the grant of a motion for summary judgment, the Court is unable to look at the Parties' contract and dealings. The Court must, therefore, decline Defendant's invitation to make such a decision at such an early stage.

Even though the Court denies Defendant's motion on Counts One and Seventeen, the Court must lay to rest several of Plaintiff's arguments. First, Plaintiff's claim that Alabama law applies to this case is meritless. In diversity cases, federal courts apply the forum state's conflict-of-law principles. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Georgia courts apply the doctrine of *lex loci delicti*—the location of the tort—to determine the party's substantive rights. *Risdon Enters., Inc. v. Colemill Enters., Inc.*, 324 S.E.2d 738, 740 (Ga. Ct. App. 1984). "The place where the tort was committed, or, 'the locus delicti, is the place where the injury sustained was suffered rather than the place where the act was committed, or, as it is sometimes more generally put, it is place where the last event necessary to make an actor liable for an alleged tort takes place." *Bullard v. MRA Holding, LLC*, 740 S.E.2d 622, 625 (Ga. 2013) (quoting

*Risdon*, 324 S.E.2d at 740). In this case, the injury occurred in Georgia, not Alabama, so Georgia substantive law governs.

Second, Plaintiff apparently argues that the FMCSRs preempt state law. Preemption occurs when (1) Congress enacts a statute containing an express preemption provision, (2) when Congress has determined a certain field must be regulated by its exclusive governance, and (3) where compliance with both federal and state regulations is a physical impossibility. *Obebrecht Constr., Inc. v. Sec., Fla. Dept. of Transp.*, No. 12-13958, 2013 WL 1862714, at *3 (11th Cir. May 6, 2013). But Plaintiff has not identified any express preemption or evidence of intent to exclusively occupy the field. *See Oaks v. Wiley Sanders Truck Lines, Inc.*, No. 07-45-KSF, 2008 WL 2859021, at *4 (E.D. Ky. Jul. 22, 2008) (rejecting claim that FMCSRs preempt Kentucky's common law on negligent hiring and retention). Likewise, the cases Plaintiff cites involved state law causes of action, not federal law. *See Jones v. C.H. Robinson Worldwide*, 558 F. Supp. 2d 630, 639 (W.D. Va. 2008) (applying Virginia negligent hiring claim); *Schramm v. Foster*, 341 F. Supp. 2d 536, 551 (D. Md. 2004) ("Maryland law recognizes that an employer may be held liable for negligence in 'selecting, instructing, or supervising . . . [an independent] contractor.'" (citation omitted)). They therefore stand for the opposite of the holding Plaintiff advocates.

Nevertheless, Defendant's motion to dismiss Counts One and Seventeen is **DENIED**.

### III.   Joint Venture/Conspiracy claims

Next, Defendant moves to dismiss Counts 15, 16, and 18 because Plaintiff has not alleged requisite factual allegations to establish a joint venture or conspiracy. The Court agrees. "Vicarious liability for the conduct of another party to a joint venture cannot be established without demonstrating a right by each member of the joint venture to direct and control the conduct of another." *Clarendon*, 666 S.E.2d at 572; *Holland v. Boyett*, 93 S.E.2d 662, 662 (Ga. 1956).

In Counts 15, 16, and 18, Plaintiff makes nothing more than bare legal conclusions. He alleges that Defendant "conspired and/or acted in concert with Atlas Transport" and that Defendant acted in concert with Atlas "for pecuniary gain." But these labels and conclusions are entitled to little weight. *See Twombly*, 550 U.S. at 555. He has made no factual allegations to establish that each party could direct and control the conduct of the other. Defendant's motion to dismiss Counts 15, 16, and 18 is **GRANTED**.

## IV.   Counts 19–22

Defendant urges the Court to dismiss Counts 19 through 22 because they are claims for specific types of damages and are derivative of Plaintiff's substantive causes of action. But because the Court is permitting Counts One and Seventeen to proceed, this portion of the motion is **DENIED**.

## V.   Standing to Bring Suit on Behalf of Heather Lynn Aycock's Unborn Child

Georgia's Wrongful Death Act provides a cause of action against a tortfeasor for a child's wrongful death. O.C.G.A. § 19-7-1. Defendant argues Plaintiff lacks standing to sue under this statute for the wrongful death of Heather Lynn Aycock's unborn son, "Baby Lewis," because he is neither the father nor the administrator of Baby Lewis's estate. Defendant also notes that Baby Lewis's father, Lewis DeAngelis, has already sued several other parties in Lee County Superior Court for the wrongful death of his son. Because the defendants in that case raised a paternity defense, however, Plaintiff claims Baby Lewis's lineage is unknown and in dispute. Either way, Plaintiff's wrongful death and survival of action claims on behalf of Baby Lewis must be dismissed.

Even if DeAngelis is not Baby Lewis's father, Plaintiff would still lack the requisite standing to sue on Baby Lewis's behalf. Georgia's wrongful death cause of action is a creature of statute. *Tolbert v. Maner*, 518 S.E.2d 423, 425 (Ga. 1999). "Being

in derogation of common law, the scope of the Wrongful Death Act must be limited in strict accordance with the statutory language used therein, and such language can never be extended beyond its plain and ordinary meaning." *Id.* (citing *Lovett v. Garvin*, 208 S.E.2d 838, 840 (1974)). The Act's provision for a child's death is set forth in Section 19-7-1 of the Georgia Code. O.C.G.A. §§ 19-7-1, 51-4-4. That statute provides a strict order of succession of those who possess the right to sue for wrongful death. *See* § 19-7-1(c).

If the decedent dies without a child or spouse, the right to sue passes to the parents. § 19-7-1(c). When one parent dies after the decedent, but before filing suit, the remaining parent gains the exclusive right to sue for wrongful death. *Id.* 19-7-1(c)(2)(B); *see Hosley v. Davidson*, 439 S.E.2d 742, 745 (Ga. Ct. App. 1993). "If, in any case, there is no right of action in a parent or parents under the above rules, the right of recovery shall be determined by Code Section 51-4-5." Section 51-4-5 states: "When there is no person entitled to bring an action for the wrongful death of a decedent . . . the administrator or executor of the decedent may bring an action for or may recover and hold the amount recovered for the benefit of the next of kin." § 51-4-5.

Based on the plain language of the statute, then, it would appear that the administrator of Baby Lewis's estate is the next in line to sue for wrongful death, if DeAngelis cannot. *See Dammarell v. Islamic Republic of Iran et al.*, 404 F. Supp. 2d 261, 279 (D.D.C. 2005) (applying Georgia law and finding "the Court is compelled to conclude that the right of action passes by 'survivorship' to the personal representative of the decedent, pursuant to Ga. Code Ann. § 19-7-1(c)(3), when the decedent leaves neither a spouse nor issue and both parents die prior to instituting the action"); *Reese v. United States*, 930 F. Supp. 1537, 1540 (S.D. Ga. 1995) (holding that grandmother, as administrator of decedent's estate, could bring wrongful death action because "said

plaintiff has made sufficient showing that there is no other person who can bring the action.").

Nevertheless, Plaintiff claims his daughter's cause of action survived to him, as the personal representative of her estate. Although Plaintiff failed to cite the requisite law, this theory appears to be premised on Georgia's non-abatement statute. The non-abatement statute provides

> [no] action or cause of action for the recovery or damages for homicide [or] injury to the person . . . [shall] abate by the death of either party. The cause of action in the case of the death of the plaintiff and in the event there is no right of survivorship in any other person, shall survive to the personal representative of the deceased plaintiff.

O.C.G.A. § 9-2-41. Georgia courts have interpreted this provision to apply to pending actions as well as causes of action that accrued to a decedent but were not filed during her lifetime. *Complete Auto Transit, Inc. v. Floyd*, 104 S.E.2d 208, 213 (Ga. 1958). The non-abatement statute, however, applies only when "there is no right of survivorship in any other person." § 9-2-41. Section 19-7-1(c)(3) provides an explicit right of survivorship in another person—namely, the administrator of the decedent's estate.

In *Hosley v. Davidson*, 439 S.E.2d 742 (Ga. Ct. App. 1993), the Court of Appeals of Georgia held that the non-abatement statute did not apply to wrongful death actions brought by a parent's estate when another person retained the right of survivorship. 439 S.E.2d at 745. The plaintiff in *Hosley* brought suit as the administrator of his sister's and her minor son's estates against a motor carrier for their wrongful deaths arising from a car collision. *Id.* at 743. The Plaintiff argued he was the proper party t0 the suit, even though the minor son's father survived, because his sister died shortly after her minor son, creating a cause of action in his sister that survived to the representative of her estate. The plaintiff cited *Caylor v. Potts*, 383 S.E.2d 291 (1987), where the Georgia

9

Court of Appeals held that a father's estate had a right to partial recovery of a wrongful death settlement "because an existing right of action by a parent to recover for the homicide of a child will survive to the representative of the parent's estate regardless of whether the action was filed during the parent's life." 358 S.E.2d 291, 292.

In distinguishing and later disapproving of *Caylor*, the Court in *Hosley* explained:

> In *Caylor* it was not necessary for the Court to hold that a cause of action which has not been brought by a parent can be brought by the representative of his estate even though the child is survived by his other parent. Such a holding would contravene OCGA § 51-4-5(a), which was not considered in *Caylor*. As part of Chapter 4 (wrongful death actions) of Title 51 (torts), it provides in pertinent part: "When there is no person entitled to bring an action for the wrongful death of a decedent under Code Section 51-4-2 or 51-4-4, the administrator or executor of the decedent may bring an action for and may recover and hold the amount recovered for the benefit of the next of kin."

*Id.* at 745. Therefore, the *Hosley* court held that "where one of the parents of a minor child dies before instituting an action for the child's wrongful death, the representative of that parent's estate is not authorized to bring such an action if there is a surviving parent or *other person* entitled to bring it." *Id.* (emphasis added).

The reasoning in *Hosley* applies with equal force here. The child-homicide statute situates the parties' rights to bring suit at the time of the child's death. *See* 439 S.E.2d at 745. It does not automatically create a right of survivorship in a parent's estate. *See id.* Stated another way, the non-abatement statute has no application when there is a right of survivorship in another person. *See West v. Mathews*, 121 S.E.2d 41, 43. Here, the child-homicide statute explicitly provides a right of survivorship in the child's estate when neither parent has a right to bring suit. O.C.G.A. § 19-7-1(c)(3). Therefore, as in *Hosley*, the right of action did not survive to Heather Aycock's estate.

Because Plaintiff failed to allege that he is the administrator of Baby Lewis's estate, he cannot recover for wrongful death. Plaintiff cannot recover on a survival of action theory for the same reason. *See* O.C.G.A. § 51-4-5(b) ("When death of a human being results from a crime or from criminal or other negligence, the personal representative of the deceased person shall be entitled to recover for the funeral, medical, and other necessary expenses resulting from the injury and death of the deceased person."); *Walden v. John D. Archbold Mem'l Hosp., Inc.*, 398 S.E.2d 271, 274–74 (Ga. Ct. App. 1990) ("Under the plain language in OCGA §§ 9-2-41 and 51-4-5(b), upon the death of Anderson these causes of action vested in the administrator of his estate, not, as appellants assert, in them as Anderson's heirs and next of kin.")), *overruled on other grounds by First Christ Holiness Church, Inc. v. Owens Temple First Christ Holiness Church, Inc.*, 655 S.E.2d 605 (Ga. 2008).

Defendant's motion on this ground is **GRANTED**.

## <u>CONCLUSION</u>

Defendant's Motion to Dismiss (Doc. 14) is **GRANTED in part** and **DENIED in part**, as follows: Plaintiff's causes of action for conspiracy or joint venture—including Counts 15, 16, and 18—are **DISMISSED.** All claims for wrongful death and survival of action on behalf of Baby Lewis are **DISMISSED,** and Plaintiff shall take nothing from those claims. Defendant's motion is **DENIED** as to Counts One and Seventeen, to the extent that those counts allege negligent hiring or retention, and as to Counts Nineteen through Twenty-two. Defendant's first Motion to Dismiss (Doc. 7) is **DENIED** as moot.

**SO ORDERED**, this ___28th___ day of June 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**