IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TIMOTHY AYCOCK, Individually and as Administrator of the Estate of HEATHER LYNN AYCOCK, deceased, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Case No.: 1:13-CV-3 (WLS) |
| UNITED STATES PIPE AND FOUNDRY COMPANY LLC, | : : : | |
| Defendant. | : : | |

**ORDER**

Before the Court are Plaintiff Timothy Aycock's Motion to Add Party Plaintiff and Motion for Leave to Amend. For the reasons that follow, the Motion to Add Party Plaintiff is **DENIED**, and the Motion for Leave to Amend is **GRANTED in part** and **DENIED in part.**

**PROCEDURAL and FACTUAL BACKGROUND**

This is a diversity case arising out of car accident in Lee County, Georgia, resulting in the death of Plaintiff Timothy Aycock's pregnant daughter, Heather Aycock, and her unborn son. The Complaint alleges that Defendant United States Pipe and Foundry Company was negligent for hiring and supervising Atlas Transport, a motor carrier whose driver allegedly caused the fatal collision. In the original complaint, among a variety of other tort claims, Aycock purported to bring a wrongful death action for the death of his unborn grandson, "Baby Lewis," in his capacity as administrator of his daughter's estate.

1

Baby Lewis is the center of the current controversy. On June 28, 2012, the Court dismissed Baby Lewis's wrongful death claim on the ground that Aycock—in his capacity as the administrator of Heather Aycock's estate—lacked standing to bring that claim. In so holding, the Court declined to reach Defendant's argument that only the baby's alleged father, who had already sued in the Superior Court of Lee County, possessed standing under Georgia law. Instead, the Court reasoned that, regardless of the purported father's true paternity, the right to bring a wrongful death claim never accrued in the deceased mother's estate:

> Based on the plain language of [O.C.G.A. § 51-4-5] . . . it would appear that the administrator of Baby Lewis's estate is the next in line to sue for wrongful death, if DeAngelis [the declared father] cannot. *See Dammarell v. Islamic Republic of Iran et al.*, 404 F. Supp. 2d 261, 279 (D.D.C. 2005) (applying Georgia law and finding "the Court is compelled to conclude that the right of action passes by 'survivorship' to the personal representative of the decedent, pursuant to Ga. Code Ann. § 19-7-1(c)(3), when the decedent leaves neither a spouse nor issue and both parents die prior to instituting the action"); *Reese v. United States*, 930 F. Supp. 1537, 1540 (S.D. Ga. 1995) (holding that grandmother, as administrator of decedent's estate, could bring wrongful death action because "said plaintiff has made sufficient showing that there is no other person who can bring the action.").

(Doc. 26 at 10.)

Following dismissal, Aycock went to the Probate Court of Lee County, Georgia, seeking appointment as administrator of Baby Lewis's estate. Ayock published notice in The Lee County Ledger of his intent to seek appointment. After no one objected, the Probate Court appointed Aycock as the administrator.

In this new capacity, Aycock seeks to reintroduce the wrongful death claim. He first filed a "Motion to Add Party Plaintiff," under Rules 19 and 20, attempting to add his new capacity as plaintiff. After Defendant responded that a motion for joinder was procedurally improper, Aycock filed a motion to amend complaint. Defendant opposes

both of these motions because Baby Lewis's declared father, Lewis Arthur DeAngelis, has made his identity known and in fact filed suit on behalf of Baby Lewis in the Superior Court of Lee County, Georgia, against a different set of defendants.

## DISCUSSION

The Court agrees with the Defendant that Aycock's motion to amend must be denied. Although motions to amend should be "liberally granted," a court may deny leave to amend as "futile." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999). A motion to amend is futile if the amended complaint is subject to dismissal. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

In this case, Aycock's amended complaint is futile because he has failed to establish his standing to bring Baby Lewis's wrongful death claim. Under Georgia law, recovery for the wrongful death of a child belongs first to the parent or parents. O.C.G.A. 19-7-1(c)(2); *see Hosley v. Davidson*, 211 Ga. App. 529, 532 (1993). Only in the absence of another person entitled to bring an action for wrongful death may the administrator of the decedent's estate bring the action. § 51-4-5(a); *Reese v. United States*, 930 F. Supp. 1537, 1540 (S.D. Ga. 1995).

Thus, for example, in *Reese v. United States*, the Southern District of Georgia permitted the administrator of an unborn baby's estate to bring a wrongful death claim when the plaintiff had produced evidence that the mother was dead and the father had never made himself known. 930 F. Supp. at 1540. In particular, according to the district court, the plaintiff had made a "sufficient showing" by submitting affidavits that the identity of the baby's father is unknown and that, if the father is living, he "failed to disclose his identity, even though the accident was made public in Savannah, Georgia." *Id.*

Unlike the missing father in *Reese*, Baby Lewis's professed father, Lewis Arthur DeAngelis, not only made himself known, but actually filed a wrongful death action for Baby Lewis in the Superior Court of Lee County, Georgia. That case settled. Aycock

3

failed to unearth any evidence to show that DeAngelis is not entitled to bring a wrongful death claim. He instead asserts that DeAngelis's failure to intervene during the appointment of an administrator somehow refutes his paternity. But Aycock did not point to anything in Georgia law or the record of the probate court that suggests his appointment without objection is inconsistent with another's paternity, especially where that identity is apparently known. So at the end of the day, Aycock offers nothing more than unsupported allegations that DeAngelis is not entitled to pursue a wrongful death claim by not objecting to the appointment of an administrator for Baby' Lewis's estate.

Aycock's other arguments do not strengthen his position. He argues that his motion "must be resolved solely by reference to the pleadings." (Doc. 39 at 3.) This is a misstatement of law. It is well settled that standing may be attacked factually or facially. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008); *see also St. Paul Mercury Indem. Co. v. Red Cab.*, 303 U.S. 283, 287 n.10 (1938) ("It is the plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."). In addition, the timeliness of Aycock's motion under the scheduling order is simply irrelevant to whether leave to amend is futile. The question of futility arises whenever the motion is made.

For those reasons, the Court concludes that leave to amend would be futile to the extent it seeks to add a wrongful death claim.[1] The Court also denies the Motion to Add Party Plaintiff for the same reasons.

---

[1] Aycock's amended complaint is broad enough to include a survival of action claim, which vests in the administrator of the decedent's estate. *Walden v. John D. Archbold Mem'l Hosp., Inc.*, 197 Ga. App. 275, 277 (1990) ("Under the plain language in OCGA §§ 9-2-41 and 51-4-5(b), upon the death of Anderson these causes of action vested in the administrator of his estate, not, as appellants assert, in them as Anderson's

## CONCLUSION

For those reasons, Aycock's Motion to Add Party Plaintiff (Doc. 29) is **DENIED** and Motion for Leave to Amend (Doc. 34) is **GRANTED in part and DENIED in part without prejudice**. The Court denies leave for Aycock to bring a wrongful death claim, and grants leave for Aycock to seek to recover "funeral, medical, and other expenses" under § 51-4-5(b).

**SO ORDERED**, this   17th   day of December, 2013.

                        /s/ W. Louis Sands
                        **W. LOUIS SANDS, JUDGE**
                        **UNITED STATES DISTRICT COURT**

---

heirs and next of kin.")), *overruled on other grounds by First Christ Holiness Church, Inc. v. Owens Temple First Christ Holiness Church, Inc.*, 282 Ga. 883 (2008).